Paul R. Kiesel, State Bar No. 119854
  *kiesel@kiesel.law*
Mariana McConnell, State Bar No. 273225
  *mcconnell@kiesel.law*
Nicole F. DeVanon, State Bar No. 284551
  *devanon@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:    310-854-4444
Fax:    310-854-0812

David S. Ratner, State Bar No. 316267
  *david@ratnermolineaux.com*
Shelley A. Molineaux, State Bar No. 277884
  *shelley@ratnermolineaux.com*
**RATNER MOLINEAUX, LLP**
1990 N. California Blvd, Suite 20
Walnut Creek, CA 94596
Tel:    925-239-0899
Fax:    925-468-2608

Attorneys for Plaintiff Robin Watkins, and
Plaintiff Adam Sensney on behalf of
themselves and all others similarly situated,

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN WATKINS, an individual, and ADAM SENSNEY, an individual, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MGA ENTERTAINMENT, INC., a California Corporation, <br><br> Defendant. | **Case No.  3:21-cv-00617-JCS** <br><br> <u>**CLASS ACTION**</u> <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> **(1) NEGLIGENCE** <br> **(2) BREACH OF IMPLIED WARRANTY** <br> **(3) BREACH OF EXPRESS WARRANTY** <br> **(4) VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT CAL. CIV. CODE § 1750,** *et seq.* <br> **(5) UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200,** *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Robin Watkins, an individual, and Plaintiff Adam Sensney, an individual, on behalf of themselves and all others similarly situated, allege as follows upon personal knowledge as to Plaintiffs' own conduct, and on information and belief as to all other matters based on an investigation by counsel, such that each allegation has evidentiary support or is likely to have evidentiary support upon further investigation and discovery:

## I.   **INTRODUCTION**

1.      Defendant MGA ENTERTAINMENT, INC., a California Corporation ("MGA") manufactures, sells, and distributes the L.O.L. Surprise! toy line which is very popular among young girls. One of the products manufactured, sold, and distributed by MGA is the L.O.L Surprise! 2-in-1 Glamper Fashion Camper ("Glamper"). The Glamper is pictured below.



**Figure 1 – The Glamper**

2.      The Glamper is a plastic recreational vehicle that expands to 2 feet tall and 3 feet wide. Once expanded, the Glamper consists of a 2-story water slide, pool, bunk beds, D.J. Booth, Café, Fashion Runway, and Vanity Room with mirrors, opening drawers and closets. A picture of the Glamper expanded and with its accessories is pictured below.

3.      One of the selling features of the Glamper is that the front of the Glamper detaches from the camper portion to become its own car. This feature is shown in Figure 2 below.

/ / /

/ / /

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS



**Figure 2 – Glamper Expanded with Accessories**

4.      In order to expand the Glamper, users must push a small button at the bottom of the glamper and simultaneously pull the two pieces apart. Due to the product's defective design, depressing the button while simultaneously pulling allows the user's finger to get caught between the button and the piece being slid out.  See Figure 3 below.

**Figure 3 – Button Underneath Glamper to Expand Glamper**

5.      There have been numerous reports of injury, including but not limited to Plaintiff Watkins' child's own injuries as a result of use of the Glamper.[1]

6.      Defendant was aware of these injuries. In an obvious display of putting profits over people, they attempted to mitigate damages of their defective product by placing a "Safety Notice" on the company's Facebook page rather than issuing an actual recall. This "Safety Notice" succeeded at only one thing, namely, an admission by MGA that the Glamper is defective. However, it fails at being what it purports to be, an actual warning. Not only is it woefully inadequate in its wording, but it also assumes users of the product are actively on Facebook *and* follow the company's Facebook page.

7.      The Glamper was released on July 22, 2019, and is sold through Defendant's own website and numerous retailers including, but not limited to, Amazon, Walmart, Toys R Us, Kohls, and Best Buy.

8.      MGA warranted that the Glamper was appropriate for ages 3+.

9.      The only warning provided with the Glamper states "CHOKING HAZARD—Small Parts. Not for children under 3 yrs."

10.      The manual lists the following "Important Information":

- Only one doll is included with this product. Multiple characters are shown in this manual for demonstration only.
- Before beginning, cover the play area to protect from possible water damage.
- Immediately wipe up spilled water after playing. To prevent spillage, carefully lift the pool out of the base and empty the water.
- Always empty water from the pool and dry thoroughly before storing.

---

[1] https://www.youtube.com/watch?v=FgJrEu60dKk;
https://www.youtube.com/watch?v=m0kMEVFJcO8;
https://www.youtube.com/watch?v=FKb6fGcD-sA;
https://cafemom.com/parenting/223139-lol-surprise-glamper-toy-parents-warn-dangers;
https://wtop.com/consumer-news/2019/12/popular-toy-glamper-clamping-childrens-hands-how-to-free-stuck-fingers/

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

- Do not use water with the toilet.
- Thoroughly air dry the doll and pool in a well-ventilated area after use and before storing.
- For best results, fill the bottle and feed the doll two times.
- Do not place the doll in extremely hot water or feed the doll extremely hot water.
- Squeeze out all water from the bottle and the doll after each use.
- Thoroughly drain the doll on a dry towel in a well-ventilated area after use and before storing.
- Air dry the doll only. Do not place in the dryer or subject to excessive heat.
- Do not store the doll in direct sunlight for extended periods of time.
- Only apply stickers to the included unit and accessories, as adhesive may not be completely removed from all surfaces.
- When lifting up the Glamper, hold the front and back of the unit at the same time.

11.  Nothing in the "Important Information" alerts users to the dangers lurking underneath the Glamper.

12.  Due to the significant injuries suffered by numerous children as a result of using the Glamper, its design was modified. Although the button on the bottom of the Glamper is still round, it has been modified with a rubber gasket so that fingers cannot get caught in the button. While new versions are now on the market, the old version containing the design defect remained on store shelves and continued to be sold. Defendant, despite having actual knowledge of the dangers of the Glamper, has failed to issue a recall of these dangerous products.

## II.   **PARTIES**

13.  Plaintiff Robin Watkins ("Plaintiff Watkins"), an individual, is domiciled in Walnut Creek, California.

4                           FIRST AMENDED CLASS ACTION
                            COMPLAINT FOR DAMAGES
                            3:21-cv-00617-JCS

14.     Plaintiff Adam Sensney ("Plaintiff Sensney"), an individual, is domiciled in Walnut Creek, California.

15.     Defendant MGA is a California Corporation with its principal place of business in Chatsworth, California. MGA designed, manufactured, distributed and/or sold the Glamper from within the state of California.

### III.     JURISDICTION AND VENUE

16.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are more than 100 members of the Class, members of the Class (as defined below) are citizens of states different than Defendant and greater than two-thirds of the members of the Class reside in states other than the state in which Defendant is a citizen. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

17.     Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b)(1), (2), and (3) because: Defendant MGA is a California Corporation deemed to reside in this District pursuant to 28 § U.S.C. 1391(d); the events and omissions giving rise to the claim occurred in this District; and Defendant MGA is subject to the personal jurisdiction of this District.

### IV.     GENERAL FACTUAL ALLEGATIONS

18.     Plaintiff Watkins' child, R.C. (age 8), received the Glamper as a Christmas present in 2019. The Glamper was purchased by Plaintiff Watkins's mother on December 4, 2019 for $89.99.

19.     On December 25, 2019, the Glamper was assembled by Watkins' husband and R.C.'s father in accordance with the assembly instructions provided by MGA.

20.     On or about February 10, 2020, R.C. was playing with the Glamper in the family room when her mother heard loud screaming. R.C. was on the floor with the Glamper upside down, screaming in agony.

21.     R.C.'s right thumb was stuck in the defective release button.

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

22.     The button at the bottom of the Glamper that caused R.C.'s injury is depicted below. While the image does not depict R.C., it does depict a similar scene as to where R.C.'s right thumb became trapped in the Glamper.



**Figure 4 – The hole at the bottom of the Glamper, causing injury**

23.     The design of the release button allows a user's finger to become trapped between the depressed button and the hole into the bottom of the Glamper. When a user tries to pull their entrapped finger out, it only serves to narrow the exposed hole and tighten the entrapped finger further.

24.     R.C.'s finger was trapped in the Glamper for an hour and a half causing considerable swelling and loss of circulation to her thumb. Her thumb was only released when members of the local fire department sawed and cut the Glamper apart. It took seven firefighters 30 minutes to release R.C.'s thumb. See Figure 5 below.

/ / /

/ / /

/ / /

/ / /

6           FIRST AMENDED CLASS ACTION
            COMPLAINT FOR DAMAGES
            3:21-cv-00617-JCS

1
2
3
4
5
6
7
8
9
10
11
12



13  **Figure 5 – A True and Correct Photograph of R.C.'s finger being extricated from the Glamper**

14  **by local firefighter**

15      25.      On February 10, the same day as the incident, Plaintiff Watkins both telephoned,

16  leaving a message, and emailed MGA regarding the injury requesting they contact her immediately.

17  Other than an automated email acknowledging receipt of her email, Plaintiff Watkins did not receive

18  any other communication from MGA in response to her February 10 injury report.

19      26.      On February 20, Plaintiff Watkins again emailed MGA regarding the defective

20  Glamper.

21      27.      Plaintiff Watkins finally received a phone call from MGA. When discussing the

22  incident, Plaintiff Watkins asked what the company was doing to alert others of this danger. The

23  representative stated that the product had been redesigned and the decision to alert consumers

24  currently in possession of the defective model was not within her control.

25      28.      In an attempt to appease Plaintiff Watkins, without her agreement, the company

26  shipped her 15 L.O.L. Surprise! dolls unboxed and in plastic bags.

27      29.      Amazon reimbursed Plaintiff Watkins for the purchase price of her Glamper.

28

1    30.    Plaintiff Sensney came in possession of the Glamper when it was purchased for

2    $89.99 from an online retailer for his daughter, age 7, by his mother-in-law, and shipped to his home

3    in Walnut Creek.

4    31.    Plaintiff Sensney learned of the traumatic incident sustained by R.C. and took the

5    Glamper away from his daughter. He does not allow his daughter to play with it for fear of injury

6    similar to R.C.

7    32.    Plaintiff Sensney has not been reimbursed for the Glamper.

8    **V.     CLASS ACTION ALLEGATIONS**

9    33.    Plaintiffs bring this action behalf of themselves and all individuals who fall within

10   the following Class:

11   **All persons who had or still have the original version of the**

12   **MGA L.O.L Surprise! 2-in-1 Glamper Fashion Camper.**

13   34.    Subject to information that may be obtained through further investigation, the Class

14   definition may be modified, expanded, narrowed or divided into subclasses by amended complaint.

15   35.    Specifically excluded from the Class are Defendant, its officers, directors, agents,

16   trustees, corporations, trusts, representatives, employees, principals, servants, partners, joint-

17   venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or

18   entities related to or affiliated with Defendant and/or its officers and/or directors, or any of them.

19   36.    Also specifically excluded from the Class is the Judge assigned to this action, or any

20   member of the Judge's immediate family.

21   37.    This class action also specifically excludes damages for personal injury.

22   38.    Plaintiff Watkins and Plaintiff Sensney are members of the class they seek to

23   represent.

24   39.    This lawsuit is suitable for class treatment because there is a well-defined community

25   of interest among Class members and the proposed Class is numerous and ascertainable.

26   40.    **Numerosity:** The persons in the Class are so numerous as to make joinder

27   impractical.

28

8    FIRST AMENDED CLASS ACTION
     COMPLAINT FOR DAMAGES
     3:21-cv-00617-JCS

41.  **Commonality:**  Defendant has acted or refused to act on grounds generally applicable to the Class. The Plaintiffs and the Class they seek to represent are or were in possession of a Glamper with a design defect posing a risk of serious physical injury, rendering the product unfit for use. Defendant has manufactured, distributed and sold a product marketed for use by children, but which is unsafe for use by children as it causes injury. As a result, parents are forced to take away the product and are unable to use it, without any reimbursement for their purchase or replacement product. This practice, which has caused damage to Plaintiffs and the Class is in direct violation of state consumer protection statutes and other applicable laws.

42.  Thus, there are questions of law and fact that are common to all of the claims of Plaintiffs and all Class members including, but not limited to, the following, which are apt to drive the resolution of this litigation:

   a.  Whether MGA's Glamper was defectively designed;

   b.  Whether MGA's Glamper was unsafe for use by children, despite Defendant's claims that it was a safe children's toy;

   c.  Whether MGA failed to provide appropriate warnings with the Glamper;

   d.  Whether MGA was negligent in its failure to recall the Glamper;

   e.  Whether the Glamper was fit for use as a children's toy as MGA impliedly and expressly warranted, and marketed it; and

   f.  Whether Plaintiffs and members of the Class are entitled to injunctive relief; and

   g.  Whether Plaintiffs and members of the Class have sustained damages as a result of MGA's conduct, and if so, what is the appropriate measure of damages.

These questions of law and fact common to the members of the Class predominate over any questions affecting only individual members and can be resolved in one action for all members of the Class.

9

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

43.  **Typicality:** Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs' claims arise from MGA's defective design manufacture, distribution and sale of the Glamper.

44.  **Adequacy of Representation:** The representative Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that are adverse to the interests of the other Class members. Plaintiffs' attorneys are experienced in class action litigation.

45.  **Superiority:** A class action is superior to any other available method for the fair and efficient adjudication of this controversy. Joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications and would establish incompatible standards of conduct for Defendant and adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of the other members not parties to the adjudications, or substantially impair their ability to protect their interests. Were this action to be pursued by individual plaintiffs, each case could result in different courts reaching conflicting decisions regarding Class member claims.

46.  Furthermore, as each of the individual Class members has little or no ability to pay for litigation costs, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. The prosecution of this litigation as a class action presents no unusual difficulty in the management of this action. Class action status is warranted because questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

10      FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

47.     The Class may also be certified because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant, would be dispositive of the interests of nonparties to the individual adjudications, and would substantially impair the ability of such nonparties to protect their interests.

48.     The Class may also be certified because Defendant has acted on grounds generally applicable to the Class, thereby making it appropriate to award final injunctive relief or corresponding declaratory relief with respect to the Class.

49.     The interest of members within the Class in individually controlling the prosecution of separate actions is theoretical and not practical. The members of the Class have a high degree of similarity and are cohesive, and Plaintiffs anticipate no difficulty in the management of this matter as a class action.

## **TOLLING AND ESTOPPEL**

50.     Any applicable statutes of limitations that might otherwise bar any of Plaintiffs' claims are tolled by Defendant's knowing and active concealment of the true nature of the product, namely, that it was inherently dangerous, defectively designed, and unsafe for use by children.

51.     Defendant was under a continuous duty to disclose to Plaintiffs and members of the Class that the toy was unsafe, however, Defendant kept Plaintiffs and Class members in the dark which precluded the pursuit of their claims. Because of Defendant's cover-up, this action could not have been brought before the time of this filing. Defendant is therefore estopped from relying on any statutes of limitations in defense of this action.

## **FIRST CAUSE OF ACTION FOR NEGLIGENCE**

### **(ON BEHALF OF PLAINTIFF SENSNEY AND THE CLASS)**

52.     Plaintiff re-alleges and incorporates by reference each of the paragraphs of this Complaint as though fully set forth herein.

53.     Defendant designed, manufactured, and sold the Glamper.

11                    FIRST AMENDED CLASS ACTION
                      COMPLAINT FOR DAMAGES
                      3:21-cv-00617-JCS

54.     The Glamper consists of a plastic recreational vehicle that expands but to do so, users must push a small button at the bottom of the Glamper. Due to the product's defective design, the button allows the user's finger to get caught in the button at the bottom of the Glamper. There have been numerous reports of injury including, but not limited to, R.C.'s injuries as a result of use of the Glamper.

55.     MGA warranted that the Glamper was appropriate for ages 3+.

56.     The only warning provided with the Glamper is "CHOKING HAZARD—Small Parts. Not for children under 3 yrs."

57.     Defendant was negligent in designing, manufacturing, installing, inspecting, and failing to recall the Glamper.

58.     Defendant knew or reasonably should have known that the Glamper was dangerous or likely to be dangerous when the Glamper was used in a reasonably foreseeable manner.

59.     Defendant became aware of this defect after the Glamper was sold.

60.     Defendant failed to recall or warn of the danger associated with use of the Glamper.

61.     Due to the significant injuries suffered by numerous children as a result of using the Glamper, it was later modified. The button is still round, but has been modified so that a rubber gasket covers the button hole, preventing children's fingers from becoming trapped. Even after the new version was introduced to the market, the old version containing the design defect remained available for sale with the potential to cause injury to its users.

62.     A reasonable manufacturer, distributor, or seller under the same or similar circumstances would have recalled the Glamper.

63.     As a result, Plaintiff and members of the Class were harmed including, but not limited to, the inability to safely use the product and having paid money for a product that cannot be used.

64.     Defendant's negligence, including its failure to recall the Glamper, was a substantial factor in causing Plaintiff and members of the Class harm.

1

**SECOND CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY**

2

**(ON BEHALF OF PLAINTIFF SENSNEY AND THE CLASS)**

3     65.     Plaintiff re-alleges and incorporates by reference each of the paragraphs of this

4  Complaint as though fully set forth herein.

5     66.     Plaintiff purchased the Glamper manufactured by Defendant, or in the alternative,

6  the product was purchased by a close family member for his child's use.

7     67.     At the time of purchase, Defendant knew or had reason to know that Plaintiff and

8  members of the Class intended to use the Glamper for a particular purpose, namely, as a children's

9  toy.

10     68.     At the time of purchase, Defendant knew or had reason to know that Plaintiff and

11  members of the Class were relying on Defendant's skill and judgment to select or provide a

12  children's toy suitable for use by children.

13     69.     MGA warranted that the Glamper was appropriate for ages 3+.

14     70.     The only warning provided with the Glamper is "CHOKING HAZARD—Small

15  Parts. Not for children under 3 yrs."

16     71.     Defendant manufactures, sells, and distributes the L.O.L Surprise! toy line which is

17  very popular among young girls. One of the products manufactured, sold, and distributed by

18  Defendant is its Glamper.

19     72.     Plaintiff and members of the Class justifiably relied upon Defendant's skill and

20  judgment.

21     73.     The Glamper was not suitable for use by children.

22     74.     Plaintiff and members of the Class were harmed by the inability to safely use the

23  Glamper as intended.

24     75.     Defendant's breach of the implied warranty was a substantial factor in causing

25  Plaintiff and members of the Class harm.

26  / / /

27  / / /

28
                                                    13        FIRST AMENDED CLASS ACTION
                                                              COMPLAINT FOR DAMAGES
                                                              3:21-cv-00617-JCS

1   **THIRD CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY**

2   **(ON BEHALF OF PLAINTIFF SENSNEY AND THE CLASS)**

3   76.   Plaintiff re-alleges and incorporates by reference each of the paragraphs of this

4   Complaint as though fully set forth herein.

5   77.   Defendant made statements of fact/promise to be received by Plaintiff and members

6   of the Class that the Glamper was safe for use by children.

7   78.   MGA warranted that the Glamper was appropriate for ages 3+.

8   79.   The only warning provided with the Glamper is "CHOKING HAZARD—Small

9   Parts. Not for children under 3 yrs."

10  80.   The Glamper consists of a plastic recreational vehicle that expands to 2 feet tall and

11  3 feet wide. In order to expand the Glamper, users must push a small button at the bottom of the

12  glamper. Due to the product's defective design, the button allows the user's finger to get caught in

13  the button at the bottom of the Glamper. There have been numerous reports of injury, including but

14  not limited to R.C.'s injuries as a result of use of the glamper.

15  81.   The Glamper did not perform as promised and was not safe for use by children 3+.

16  82.   Defendant failed ensure that the product was appropriate for children 3+.

17  83.   As a result, Plaintiff and members of the Class were harmed.

18  84.   The substantial failure of the Glamper to be as represented - safe for use by children

19  - was a substantial factor in causing Plaintiff and members of the Class harm.

20  **FOURTH CAUSE OF ACTION FOR VIOLATION OF**

21  **CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**

22  **CALIFORNIA CIVIL CODE § 1750, et seq.**

23  **(ON BEHALF OF ALL PLAINTIFFS AND THE CLASS)**

24  85.   Plaintiffs repeat and reallege each and every allegation contained in the paragraphs

25  above as though fully set forth herein.

26  86.   Defendant represented the Glamper is of a certain standard, quality, or grade (i.e.,

27  appropriate for use by children), when in fact, it was not safe for use by children.

28

87.     Defendant's representations and/or concealments are false, misleading, and/or deceptive acts within the meaning of the California consumer protection statutes including the Consumers Legal Remedies Act.

88.     Plaintiffs and members of the Class reasonably relied on the false, misleading, and/or deceptive representations and concealments of material fact by Defendant.

89.     Plaintiffs and Class members are "consumers" within the meaning of California Civil Code section 1761(d).

90.     Defendant is a "person" within the meaning of the California Civil Code section 1761(c).

91.     Plaintiffs and each Class member's purchase of a Glamper constitutes a "transaction" within the meaning of California Civil Code section 1761(e).

92.     The Glampers are "goods" within the meaning of California Civil Code § 1761 (a).

93.     Defendant's statements regarding the Glampers violated the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*, in at least the following respects: Defendant represented that the Glampers were of a particular standard, quality, or grade (i.e., fit for use by children), when in fact they are not, in violation of § 1770(a)(7).

94.     Defendant falsely represented and/or concealed material facts regarding Glampers, information that is relied upon by consumers, including Plaintiffs and Class members, in making purchasing decisions.

95.     Defendant's statements or omissions regarding the Glampers materially and adversely affected the purchasing decisions of Plaintiff and Class members.  Had Plaintiffs and Class members known of the danger of these products, they would not have purchased them.

96.     Defendant's affirmative misrepresentations and material omissions and their publication of these material inaccuracies regarding the Glampers constitute unfair, deceptive, and misleading business practices in violation of California Civil Code § 1770(a).

97.     Defendant's violations of the CLRA were willful and oppressive.

98.     As a result of Defendant's violations of the CLRA, Plaintiffs and the Class are entitled to equitable relief and a declaration that Defendant's conduct violates the CLRA.

99.     Plaintiffs provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code section 1782 (a). The Notice was transmitted to Defendant on January 28, 2021, by certified mail with return receipt, and the parties stipulated to compliance as of February 8, 2021. More than thirty days have passed, and, to date, Defendant has failed to remedy its violations. Therefore, Plaintiffs and members of the Class are entitled to seek monetary relief for Defendant's violations of the CLRA.

100.     Plaintiffs and members of the Class seek actual damages, punitive damages, statutory damages, restitution, attorneys' fees, and any other relief proper under the CLRA. See Cal. Civ. Code § 1780.

**FIFTH CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW "UCL" CAL. BUSINESS & PROF. CODE § 17200, et seq.**

**(ON BEHALF OF PLAINTIFF SENSNEY AND THE CLASS)**

101.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

102.     Plaintiff asserts this claim on behalf of himself and all other class members.

103.     California Business and Professions Code section 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…"

104.     Defendant has engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL. Defendant has engaged in unfair, deceptive, untrue, or misleading advertising in violation of the UCL.

105.     Defendant has engaged in lawful acts or practices under § 17200 by its violations of the Consumers Legal Remedies Act, California Civil Code § 1750, et seq., as set forth through the acts and practices alleged in this Complaint.

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

106.   Defendant has engaged in unlawful acts and practices including, but not limited to, representing that the Glampers were of a particular standard, quality, or grade (i.e., fit for use by children), when in fact they are not, in violation of § 1770(a)(7).

107.   Defendant falsely represented and/or concealed material facts regarding Glampers, information that is relied upon by consumers, including Plaintiff and Class members, in making purchasing decisions.

108.   Defendant's statements or omissions regarding the Glampers materially and adversely affected the purchasing decisions of Plaintiff and Class members.

109.   Had Plaintiff and Class members known of the danger of these products, they would not have purchased them.

110.   Defendant's affirmative misrepresentations and material omissions and their publication of these material inaccuracies regarding the Glamper constitute unfair, deceptive, and misleading business practices.

111.   The information Defendant misrepresented and concealed would be and is material to reasonable consumers.

112.   Defendant has engaged in unfair acts and practices under section 17200. Defendant's acts and practices set forth in this Complaint, including the defective manufacture, misleading sale, and deceptive and untrue marketing and representations are actionable under section 17200.

113.   Defendant has engaged in unfair deceptive, untrue, or misleading advertising under section 17200 because Defendant advertised the Glamper as safe and fit for use by children when in fact it is not.

114.   Defendant's conduct, misrepresentations, and omissions have also impaired the competition within the children's toy market. The Glamper was a best-selling toy to the detriment of its competitors. MGA achieved this status by failing to warn its target consumers that the Glamper was dangerous and unfit for use by the target audience, i.e., children 3+.

115.   Defendant's conduct, misrepresentations, and omissions have prevented Plaintiff and class members from making fully informed decisions about whether to purchase the Glamper and

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

had they in fact known of the dangerousness of the product, they would not have bought the Glamper in the first place, instead using their hard earned money to purchase toys fit for use by their children.

116.    Plaintiff and class members have suffered an injury in fact, including the loss of money and/or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices, since the product cannot be used. In purchasing the Glamper, Plaintiffs relied upon Defendant's misrepresentations with respect to the safety of the Glamper.

117.    The wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the State of California and nationwide.

118.    Plaintiffs request that this Court enjoin Defendant from continuing its unfair, unlawful, and/or deceptive practices and to restore Plaintiff and class members any money Defendant acquired through Defendant's unfair competition including, but not limited to, restitution.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs and the Class pray for judgment against Defendant MGA as follows:

1.    For an order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff as the representative of the Class and their counsel as Class Counsel;

2.    For an order requiring Defendant MGA to refund the purchase price of the Glamper for all members of the Class;

3.    For an order awarding Plaintiffs and the Class actual, statutory or any other form of damages provided by statute or required by law;

4.    For an order awarding Plaintiffs and the Class punitive damages in an amount sufficient to serve as an appropriate punishment in light of all the facts and circumstances, including Defendant's financial condition;

5.    For an order awarding Plaintiffs and the Class restitution, disgorgement or any other equitable relief provided by statute or as the Court deems proper;

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

6.     For prejudgment and postjudgment interest, as provided by law;

7.     For pretrial interest, as allowed by law;

8.     For all costs of suit herein incurred, according to proof;

9.     An award of reasonable attorney's fees and costs of prosecuting this action;

10.    For injunctive relief on Plaintiffs' UCL cause of action; and

11.    For such other and further relief as this Court may deem just and proper.

DATED: March 12, 2021                    **KIESEL LAW LLP**

                                         By: _____
                                             Paul R. Kiesel
                                             Mariana A. McConnell
                                             Nicole F. DeVanon
                                             *Attorneys for Plaintiffs*

DATED: March 12, 2021                    **RATNER MOLINEAUX, LLP**

                                         By: _____
                                             Shelley A. Molineaux
                                             *Attorney for Plaintiffs*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

19     FIRST AMENDED CLASS ACTION
       COMPLAINT FOR DAMAGES
       3:21-cv-00617-JCS

1

**DEMAND FOR TRIAL BY JURY**

2     Plaintiffs hereby demand a trial by jury to the full extent permitted by law.

3

4  DATED: March 12, 2021              **KIESEL LAW LLP**

5                                     By: _____

6                                         Paul R. Kiesel

7                                         Mariana A. McConnell
                                          Nicole F. DeVanon

8                                         *Attorneys for Plaintiffs*

9

10 DATED: March 12, 2021              **RATNER MOLINEAUX, LLP**

11                                    By: _____

12                                        Shelley A. Molineaux

13                                        *Attorney for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                              20      FIRST AMENDED CLASS ACTION
                                      COMPLAINT FOR DAMAGES
                                      3:21-cv-00617-JCS