Paul R. Kiesel, State Bar No. 119854
   kiesel@kiesel.law
Mariana McConnell, State Bar No. 273225
   mcconnell@kiesel.law
Nicole F. DeVanon, State Bar No. 284551
   devanon@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:    310-854-4444
Fax:    310-854-0812

David S. Ratner, State Bar No. 316267
   david@ratnermolineaux.com
Shelley A. Molineaux, State Bar No. 277884
   shelley@ratnermolineaux.com
**RATNER MOLINEAUX, LLP**
1990 N. California Blvd, Suite 20
Walnut Creek, CA 94596
Tel:    925-239-0899
Fax:    925-468-2608

Attorneys for Plaintiff Robin Watkins, and
Plaintiff Adam Sensney on behalf of
themselves and all others similarly situated,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN WATKINS, an individual, and ADAM SENSNEY, an individual, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MGA ENTERTAINMENT, INC., a California Corporation, <br><br> Defendant. | Case No.  3:21-cv-00617-JCS <br><br> **CLASS ACTION** <br><br> **SECOND AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> **(1) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY** <br> **(2) BREACH OF EXPRESS WARRANTY** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Adam Sensney, an individual, on behalf of himself and all others similarly situated, allege as follows upon personal knowledge as to Plaintiff's own conduct, and on information and belief as to all other matters based on an investigation by counsel, such that each allegation has evidentiary support or is likely to have evidentiary support upon further investigation and discovery:

I.   **INTRODUCTION**

1.   Defendant MGA ENTERTAINMENT, INC., a California Corporation ("MGA") manufactures, sells, and distributes the L.O.L. Surprise! toy line which is very popular among young girls. One of the products manufactured, sold, and distributed by MGA is the L.O.L Surprise! 2-in-1 Glamper Fashion Camper ("Glamper"). The Glamper is pictured below.



**Figure 1 – The Glamper**

2.   The Glamper is a plastic recreational vehicle that expands to 2 feet tall and 3 feet wide. Once expanded, the Glamper consists of a 2-story water slide, pool, bunk beds, D.J. Booth, Café, Fashion Runway, and Vanity Room with mirrors, opening drawers and closets. A picture of the Glamper expanded and with its accessories is pictured below.

3.   The main selling feature of the Glamper is that the front of the Glamper detaches from the camper portion to become its own car. This feature is shown in Figure 2 below.

/ / /

/ / /

00597564-1

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS



**Figure 2 – Glamper Expanded with Accessories**

4. In order to expand the Glamper, users must push a small button at the bottom of the glamper and simultaneously pull the two pieces apart. Due to the product's defective design, depressing the button while simultaneously pulling allows the user's finger to get caught between the button and the piece being slid out. See Figure 3 below.

**Figure 3 – Button Underneath Glamper to Expand Glamper**

5.     There have been numerous reports of injury, including but not limited to the injury Plaintiff's daughter's friend, R.C. sustained as a result of use of the Glamper.[1]

6.     Defendant was aware of these injuries. In an obvious display of putting profits over people, they attempted to mitigate damages of their defective product by placing a "Safety Notice" on the company's Facebook page rather than issuing an actual recall. This "Safety Notice" succeeded at only one thing, namely, an admission by MGA that the Glamper is defective. However, it fails at being what it purports to be, an actual warning. Not only is it woefully inadequate in its wording, but it also assumes users of the product are actively on Facebook *and* follow the company's Facebook page.

7.     The Glamper was released on July 22, 2019, and is sold through Defendant's own website and numerous retailers including, but not limited to, Amazon, Walmart, Toys R Us, Kohls, and Best Buy.

8.     MGA warranted and advertised that the Glamper was appropriate for ages 3+.

9.     The only warning provided with the Glamper states "CHOKING HAZARD—Small Parts. Not for children under 3 yrs."

10.     The manual lists the following "Important Information":

- Only one doll is included with this product. Multiple characters are shown in this manual for demonstration only.

- Before beginning, cover the play area to protect from possible water damage.

- Immediately wipe up spilled water after playing. To prevent spillage, carefully lift the pool out of the base and empty the water.

- Always empty water from the pool and dry thoroughly before storing.

---

[1] https://www.youtube.com/watch?v=FgJrEu60dKk;
https://www.youtube.com/watch?v=m0kMEVFJcO8;
https://www.youtube.com/watch?v=FKb6fGcD-sA;
https://cafemom.com/parenting/223139-lol-surprise-glamper-toy-parents-warn-dangers;
https://wtop.com/consumer-news/2019/12/popular-toy-glamper-clamping-childrens-hands-how-to-free-stuck-fingers/

- Do not use water with the toilet.
- Thoroughly air dry the doll and pool in a well-ventilated area after use and before storing.
- For best results, fill the bottle and feed the doll two times.
- Do not place the doll in extremely hot water or feed the doll extremely hot water.
- Squeeze out all water from the bottle and the doll after each use.
- Thoroughly drain the doll on a dry towel in a well-ventilated area after use and before storing.
- Air dry the doll only. Do not place in the dryer or subject to excessive heat.
- Do not store the doll in direct sunlight for extended periods of time.
- Only apply stickers to the included unit and accessories, as adhesive may not be completely removed from all surfaces.
- When lifting up the Glamper, hold the front and back of the unit at the same time.

11.    Nothing in the "Important Information" alerts users to the dangers lurking underneath the Glamper.

12.    Due to the significant injuries suffered by numerous children as a result of using the Glamper, its design was modified. Although the button on the bottom of the Glamper is still round, it has been modified with a rubber gasket so that fingers cannot get caught in the button. While new versions are now on the market, the old version containing the design defect remained on store shelves, continue to be sold, and remain in unsuspecting households still being used. Defendant, despite having actual knowledge of the dangers of the Glamper, has failed to issue a recall of these dangerous products.

**II.    PARTIES**

13.    Plaintiff Adam Sensney ("Plaintiff Sensney"), an individual, is domiciled in Walnut Creek, California.

00597564-1

4

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

14.     Defendant MGA is a California Corporation with its principal place of business in Chatsworth, California. MGA designed, manufactured, distributed and/or sold the Glamper from within the state of California.

**III.     JURISDICTION AND VENUE**

15.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are more than 100 members of the Class, members of the Class (as defined below) are citizens of states different than Defendant and greater than two-thirds of the members of the Class reside in states other than the state in which Defendant is a citizen. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

16.     Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b)(1), (2), and (3) because: Defendant MGA is a California Corporation deemed to reside in this District pursuant to 28 § U.S.C. 1391(d); the events and omissions giving rise to the claim occurred in this District; and Defendant MGA is subject to the personal jurisdiction of this District.

**IV.     GENERAL FACTUAL ALLEGATIONS**

17.     Plaintiff's daughter's friend, R.C. (age 8), received the Glamper as a Christmas present in 2019.

18.     On December 25, 2019, the Glamper was assembled by R.C.'s father in accordance with the assembly instructions provided by MGA.

19.     On or about February 10, 2020, R.C. was playing with the Glamper in the family room when her mother heard loud screaming. R.C. was on the floor with the Glamper upside down, screaming in agony.

20.     R.C.'s right thumb was stuck in the defective release button.

21.     The button at the bottom of the Glamper that caused R.C.'s injury is depicted below. While the image does not depict R.C., it does depict a similar scene as to where R.C.'s right thumb became trapped in the Glamper.

**Figure 4 – The hole at the bottom of the Glamper, causing injury**

22.     The design of the release button allows a user's finger to become trapped between the depressed button and the hole into the bottom of the Glamper. When a user tries to pull their entrapped finger out, it only serves to narrow the exposed hole and tighten the entrapped finger further.

23.     R.C.'s finger was trapped in the Glamper for an hour and a half causing considerable swelling and loss of circulation to her thumb. Her thumb was only released when members of the local fire department sawed and cut the Glamper apart. It took seven firefighters 30 minutes to release R.C.'s thumb. See Figure 5 below.

/ / /

/ / /

/ / /

/ / /

6     SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

1
2
3
4
5
6
7
8
9
10
11
12



13 **Figure 5 – A True and Correct Photograph of R.C.'s finger being extricated from the Glamper**
14 **by local firefighter**

15       24.       On February 10, the same day as the incident, R.C.'s mother both telephoned, leaving

16 a message, and emailed MGA regarding the injury requesting they contact her immediately. Other

17 than an automated email acknowledging receipt of her email, R.C.'s mother did not receive any

18 other communication from MGA in response to her February 10 injury report.

19       25.       On February 20, R.C.'s mother again emailed MGA regarding the defective

20 Glamper.

21       26.       R.C.'s mother finally received a phone call from MGA. When discussing the

22 incident, R.C.'s asked what the company was doing to alert others of this danger. The representative

23 stated that the product had been redesigned and the decision to alert consumers currently in

24 possession of the defective model was not within her control.

25       27.       Plaintiff Sensney informed his mother that his daughter wanted the Glamper after

26 seeing advertisements for it.

27

28       00597564-1

SECOND AMENDED CLASS ACTION
                                                           COMPLAINT FOR DAMAGES
                                                           3:21-cv-00617-JCS

28.     Plaintiff Sensney came in possession of the Glamper when his mother-in-law purchased the Glamper for $89.99 from an online retailer for the benefit of Plaintiff Sensney's daughter, G.S., age 7, and shipped it to Plaintiff Sensney's home in Walnut Creek.

29.     Plaintiff Sensney learned of the traumatic incident sustained by R.C. and took the Glamper away from his daughter. He does not allow his daughter to play with it for fear of injury similar to R.C.

30.     Plaintiff Sensney has not been reimbursed for the Glamper.

## V.     <u>CLASS ACTION ALLEGATIONS</u>

31.     Plaintiff brings this action behalf of themselves and all individuals who fall within the following Class:

> **All persons who had or still have the original version of the**
>
> **MGA L.O.L Surprise! 2-in-1 Glamper Fashion Camper.**

32.     Subject to information that may be obtained through further investigation, the Class definition may be modified, expanded, narrowed or divided into subclasses by amended complaint.

33.     Specifically excluded from the Class are Defendant, its officers, directors, agents, trustees, corporations, trusts, representatives, employees, principals, servants, partners, joint-venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its officers and/or directors, or any of them.

34.     Also specifically excluded from the Class is the Judge assigned to this action, or any member of the Judge's immediate family.

35.     This class action also specifically excludes damages for personal injury.

36.     Plaintiff Sensney is a member of the class he seeks to represent.

37.     This lawsuit is suitable for class treatment because there is a well-defined community of interest among Class members and the proposed Class is numerous and ascertainable.

38.     **<u>Numerosity</u>:** The persons in the Class are so numerous as to make joinder impractical.

39.     **Commonality:**   Defendant  has  acted  or  refused  to  act  on  grounds  generally applicable to the Class. The Plaintiff and the Class they seek to represent are or were in possession of a Glamper with a design defect posing a risk of serious physical injury, rendering the product unmerchantable. Defendant has manufactured, distributed and sold a product marketed for use by children 3+, but which is unsafe for use by children as it causes injury. As a result, parents are forced to take away the product and are unable to use it, without any reimbursement for their purchase or replacement product. This practice, which has caused damage to Plaintiff and the Class is in direct violation of state consumer protection statutes and other applicable laws.

40.     Thus, there are questions of law and fact that are common to all of the claims of Plaintiff and all Class members including, but not limited to, the following, which are apt to drive the resolution of this litigation:

        a.     Whether MGA's Glamper was unsafe for use by children 3+, despite Defendant's claims that it was a safe children's toy;

        b.     Whether MGA's Glamper was unsafe for use by children 3+, despite Defendant's claims that it was a safe for children 3+;

        c.     Whether MGA's Glamper was fit for the ordinary purpose of being a children's toy;

        d.     Whether the Glamper was merchantable for use as a children's toy as MGA expressly warranted, and marketed it; and

        e.     Whether Plaintiff and members of the Class have sustained damages as a result of MGA's conduct, and if so, what is the appropriate measure of damages.

These questions of law and fact common to the members of the Class predominate over any questions affecting only individual members and can be resolved in one action for all members of the Class.

9     SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

41. **Typicality:** Plaintiff's claims are typical of the claims of the Class members. Plaintiff's claims arise from MGA's breach of express and implied warranties rendering the Glamper unusable.

42. **Adequacy of Representation:** The representative Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are adverse to the interests of the other Class members. Plaintiff's attorneys are experienced in class action litigation.

43. **Superiority:** A class action is superior to any other available method for the fair and efficient adjudication of this controversy. Joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications and would establish incompatible standards of conduct for Defendant and adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of the other members not parties to the adjudications, or substantially impair their ability to protect their interests. Were this action to be pursued by individual plaintiffs, each case could result in different courts reaching conflicting decisions regarding Class member claims.

44. Furthermore, as each of the individual Class members has little or no ability to pay for litigation costs, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. The prosecution of this litigation as a class action presents no unusual difficulty in the management of this action. Class action status is warranted because questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

45.     The Class may also be certified because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant, would be dispositive of the interests of nonparties to the individual adjudications, and would substantially impair the ability of such nonparties to protect their interests.

46.     The Class may also be certified because Defendant has acted on grounds generally applicable to the Class, thereby making it appropriate to award final injunctive relief or corresponding declaratory relief with respect to the Class.

47.     The interest of members within the Class in individually controlling the prosecution of separate actions is theoretical and not practical. The members of the Class have a high degree of similarity and are cohesive, and Plaintiff anticipates no difficulty in the management of this matter as a class action.

## TOLLING AND ESTOPPEL

48.     Any applicable statutes of limitations that might otherwise bar any of Plaintiff's claims are tolled by Defendant's knowing and active concealment of the true nature of the product, namely, that it was inherently dangerous, defectively designed, and unsafe for use by children 3+.

49.     Defendant was under a continuous duty to disclose to Plaintiff and members of the Class that the toy was unsafe, however, Defendant kept Plaintiff and Class members in the dark which precluded the pursuit of their claims. Because of Defendant's cover-up, this action could not have been brought before the time of this filing. Defendant is therefore estopped from relying on any statutes of limitations in defense of this action.

## FIRST CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

*(On Behalf Of Plaintiff Sensney And The Class)*

50.     Plaintiff re-alleges and incorporates by reference each of the paragraphs of this Complaint as though fully set forth herein.

00597564-1

11      SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

51.     Plaintiff's close family member purchased the Glamper manufactured by Defendant for his child's use because the child requested the Glamper as a present.

52.     Plaintiff's child had seen advertisements and images of other children her same age playing with the Glamper.

53.     At the time of purchase, Defendant was in the business of manufacturing the Glamper.

54.     At the time of purchase, Defendant was in the business of selling the Glamper.

55.     At the time of purchase, the Glamper was not fit for the ordinary purposes for which the goods are used, as a toy by children "Age 3+".

56.     The Glamper contained a fundamental defect which rendered it unfit for use by children.

57.     The main selling feature of the Glamper is that it can become two separate pieces and thus is two toys in one. The button mechanism which allows a user to use the toy as intended, was defective in that it was designed in such a way that a user's finger can, and does, become trapped between the button mechanism and the base of the toy.

58.     Plaintiff and members of the Class were harmed by the inability to safely use the Glamper as intended rendering the Glamper unmerchantable.

59.     Defendant's breach of the implied warranty was a substantial factor in causing Plaintiff and members of the Class harm.

## SECOND CAUSE OF ACTION

### *BREACH OF EXPRESS WARRANTY*

*(On Behalf Of Plaintiff Sensney And The Class)*

60.     Plaintiff re-alleges and incorporates by reference each of the paragraphs of this Complaint as though fully set forth herein.

61.     Defendant made statements of fact/promise to be received by Plaintiff and members of the Class that the Glamper was safe for use by children.

62.     MGA warranted that the Glamper was appropriate for "Age 3+".

63.     The express warranty, warranting the toy to be safe for "Age 3+" was printed on the outside packaging of the Glamper.

64.     In addition, the express warranty, warranting the toy to be safe for "Age 3+" also appeared on the cover of the manual.

65.     In connection with the written warranty that this product was safe for "Age 3+" the box for the Glamper advertises a young girl, who looks to be about five years old, playing with the Glamper, without adult supervision, and with the Glamper separated into the two pieces. In order for the young girl to separate the Glamper she would have had to use the dangerous button mechanism to achieve this task. The picture of the young girl, happily playing without adult supervision provides visual advertising support for MGA's express warranty that the Glamper is for "Age 3+".

66.     At the time of giving the Glamper to his daughter, Plaintiff Sensney understood the express warranty to mean it was safe from hazard and defect for children over the age of three, which his daughter was.

67.     Plaintiff was aware of the express warranty and relied upon it.

68.     The Glamper consists of a plastic recreational vehicle that expands to 2 feet tall and 3 feet wide. In order to expand the Glamper, users must push a small button at the bottom of the glamper. Due to the product's defective design, the button allows the user's finger to get caught in the button at the bottom of the Glamper. There have been numerous reports of injury, including but not limited to R.C.'s injuries as a result of use of the glamper.

69.     The Glamper was unmerchantable and was not safe for use by children 3+.

70.     As a result, Plaintiff and members of the Class were harmed.

71.     The substantial failure of the Glamper to be as expressly represented - safe for use by children 3+- was a substantial factor in causing Plaintiff and members of the Class harm.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff and the Class prays for judgment against Defendant MGA as follows:

1.   For an order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff as the representative of the Class and their counsel as Class Counsel;

2.   For an order requiring Defendant MGA to refund the purchase price of the Glamper for all members of the Class;

3.   For an order awarding Plaintiff and the Class actual, statutory or any other form of damages provided by statute or required by law;

4.   For prejudgment and postjudgment interest, as provided by law;

5.   For pretrial interest, as allowed by law;

6.   For all costs of suit herein incurred, according to proof;

7.   For such other and further relief as this Court may deem just and proper.

DATED: August 27, 2021

**KIESEL LAW LLP**

By: _____

Paul R. Kiesel
Mariana A. McConnell
Nicole F. DeVanon
*Attorneys for Plaintiff*

DATED: August 27, 2021

**RATNER MOLINEAUX, LLP**

By: _____

Shelley A. Molineaux
*Attorney for Plaintiff*

/ / /

/ / /

/ / /

/ / /

00597564-1

14    SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES
3:21-cv-00617-JCS

1    **DEMAND FOR TRIAL BY JURY**

2          Plaintiff hereby demand a trial by jury to the full extent permitted by law.

3    DATED: August 27, 2021                    **KIESEL LAW LLP**

4

5                                              By:  _____

6                                                   Paul R. Kiesel
                                                    Mariana A. McConnell
7                                                   Nicole F. DeVanon
                                                    *Attorneys for Plaintiff*
8

9

10   DATED: August 27, 2021                    **RATNER MOLINEAUX, LLP**

11

12                                             By:  _____

13                                                  Shelley A. Molineaux
                                                    *Attorney for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   00597564-1                        15    SECOND AMENDED CLASS ACTION
                                             COMPLAINT FOR DAMAGES
                                             3:21-cv-00617-JCS

## PROOF OF SERVICE

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 8648 Wilshire Boulevard, Beverly Hills, CA 90211-2910.

On August 27, 2021, I served true copies of the following document(s) described as **SECOND AMENDED CLASS ACTION COMPLAINT FOR: (1) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (2) BREACH OF EXPRESS WARRANTY** on the interested parties in this action as follows:

| | |
|---|---|
| Frank P. Kelly III<br>Amir M. Nassihi<br>**SHOOK, HARDY & BACON L.L.P.**<br>555 Mission Street, Suite 2300<br>San Francisco, CA 94105<br>Tel:     415-544-1900<br>Fax:     415-391-0281<br>Emails: *fkelly@shb.com*<br>             *anassihi@shb.com* | *Attorneys for Defendant*<br>MGA ENTERTAINMENT, INC. |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address ilongoria@kiesel.law   to the email addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 27, 2021, at Beverly Hills, California.


/s/ Irasema Longoria
Irasema Longoria