UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN WATKINS, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>MGA ENTERTAINMENT, INC.,<br><br>       Defendant. | Case No. 21-cv-00617-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 35 |

## I.    INTRODUCTION

This product defect case was originally brought as a putative class action by Plaintiffs Robin Watkins and Adam Sensney under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(1).  They asserted claims for negligence, breach of express and implied warranties, and violation of California's Consumer Legal Remedies Act ("CLRA) and Unfair Competition Law ("UCL") against MGA Entertainment, Inc. ("MGA"), which manufactures, sells and distributes a toy line called L.O.L. Surprise!, based on allegations that a product in the line, the 2-in-1 Glamper Fashion Camper ("Glamper"), had a defective button in which a child's finger could become trapped.  MGA brought a motion to dismiss, which the Court granted with leave to amend in its July 26, 2021 Order (dkt.31) ("the July 26 Order").  The Second Amended Complaint ("SAC") was filed on August 27, 2021.  Presently before the Court is MGA's Motion to Dismiss Second Amended Complaint ("Motion").  The Court finds that the Motion can be decided without oral argument and therefore **vacates the motion hearing set for December 17, 2021** pursuant to Civil Local Rule 7-1(b).  The Further Case Management Conference set for the same date is also

vacated. For the reasons stated below, the Motion is GRANTED.[1]

## II. BACKGROUND

The factual allegations in the Second Amended Complaint ("SAC") are largely the same as those in the First Amended Complaint ("FAC") and therefore, the Court does not summarize them here, except as relevant. Among other things, the factual allegations in the SAC are amended to remove an ambiguity in the FAC as to who purchased a Glamper for Sensney's daughter. *See* July 26 Order at 4 n. 2 ("Despite the suggestion in Paragraph 66 [of the FAC] that the Glamper may have been purchased by Sensney himself, Plaintiffs' counsel stipulated at oral argument that the Glamper was, in fact, purchased by his mother-in-law."). The SAC makes clear that Sensney did not purchase the Glamper for his daughter but instead, that his mother-in-law purchased the Glamper for Sensney's daughter from an online retailer. SAC ¶¶ 28 ("Plaintiff Sensney came in possession of the Glamper when his mother-in-law purchased the Glamper for $89.99 from an online retailer for the benefit of Plaintiff Sensney's daughter, G.S., age 7, and shipped it to Plaintiff Sensney's home in Walnut Creek."); 51 ("Plaintiff's close family member purchased the Glamper manufactured by Defendant for his child's use because the child requested the Glamper as a present."). The SAC also alleges additional facts as to where the alleged express warranty ("Age 3+") was printed, alleging that it appeared on "the outside packaging of the Glamper" and on "the cover of the manual." SAC. ¶¶ 63–64.

The SAC also differs from the FAC in that only Sensney is named as a plaintiff; Watkins has been dropped as a plaintiff. In addition, only two claims are asserted in the SAC: 1) a claim for breach of implied warranty of merchantability (Claim One); and 2) breach of express warranty that the Glamper was safe for "Age 3+" (Claim Two).

MGA contends both of the claims asserted in the SAC are insufficiently alleged and asks the Court to dismiss them with prejudice. Motion at 1. With respect to the implied warranty claim, MGA argues that it fails because such a claim requires both horizontal *and* vertical privity under California law, and the SAC concedes there is no vertical privity. Motion at 5-9. MGA

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

2

1  further contends the claim fails because Sensney has not alleged facts showing that the Glamper is
2  unfit for its ordinary purpose and therefore "unmerchantable." *Id.* at 9-12.
3        MGA argues that the breach of express warranty claim fails because Plaintiff has not pled
4  the precise terms of the warranty. *Id.* at 12-15. MGA further contends that to state a claim for
5  breach of express warranty, Plaintiff must allege facts establishing that the express warranty was
6  "part of the basis of the bargain" and Plaintiff fails to do so because he did not purchase the
7  Glamper from MGA and thus, is not in privity with MGA. *Id.* at 15-17. MGA argues that while
8  there is an exception to the privity requirement where an individual actually relied on an express
9  warranty, that exception does not apply here because Plaintiff does not allege actual reliance. *Id.*
10 (citing *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695 (1954)). Finally, MGA argues that the
11 SAC fails to state any claim because Sensney has not alleged that he suffered any injury as a result
12 of the alleged breach of express and implied warranties. *Id.* at 17-18.
13       Plaintiff rejects MGA's argument that his breach of implied warranty claim fails for lack of
14 vertical privity, arguing that under California law, vertical privity is not required because Sensney
15 is a third-party beneficiary of the sale of the Glamper by an online retailer to his mother-in-law.
16 Opposition at 2-5. Plaintiff acknowledges that this Court has rejected this reading of California
17 law but asks the Court to revisit this question. *Id.* at 5 (citing *See In re Seagate Tech. LLC Litig.*,
18 233 F. Supp. 3d 776, 787 (N.D. Cal. 2017)). In the alternative, Plaintiff contends he has alleged
19 facts sufficient to state a claim under the Song-Beverly Act, Cal. Civ. Code § 1792, which does
20 not require vertical privity, and requests leave to amend his complaint to assert such a claim if the
21 Court finds that there is no third-party beneficiary exception to the vertical privity requirement on
22 his breach of implied warranty claim. *Id.* at 5. Plaintiff also rejects MGA's argument that he has
23 not alleged sufficient facts to show the Glamper was unmerchantable, citing the broad
24 interpretation courts give to unmerchantability in the implied warranty context. *Id.* at 6-7.
25       In response to MGA's challenges to his breach of express warranty claim, Plaintiff argues
26 that the words "Age 3+" are sufficient to allege the existence of an express warranty. *Id.* at 7-8.
27 Moreover, he contends, because these words were printed on the packaging, they became part of
28 the "basis of the bargain." *Id.* at 8 (citing *Weinstat v. Dentsply Internat'l, Inc.*, 180 Cal. App. 4th

3

1213 (2010)).

## III. ANALYSIS

### A. Legal Standards Under Rule 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### B. Breach of Implied Warranty Claim (Claim One)

MGA challenges Plaintiff's breach of implied warranty claim on two grounds – failure to allege vertical privity and failure to adequately allege unmerchantability. Because the Court finds that the claim fails on the first ground, it need not reach the second.

As a preliminary matter, MGA's argument requires that the Court revisit its discussion of privity in the July 26 Order. In that Order, the Court found that the family exception to privity under *Hauter v. Zogarts*, 14 Cal.3d 104, 114 fn. 8 (Cal. 1975) allowed Sensney to assert a breach of implied warranty claim even though the Glamper was purchased by his mother-in-law but went on to find that to the extent the claim alleged a breach of the implied warranty of fitness for a particular purpose, the claim was insufficiently pled because Plaintiffs did not allege that Sensney (or his mother-in-law) intended to use the Glamper for a "particular purpose." July 26 Order at 21-22. The Court did not reach the vertical privity requirement under California Commercial Code section 2314 in the July 26 Order. The Court therefore clarifies that its holding with respect to privity – namely, that Sensney adequately alleged privity under the family exception – relates only to horizontal privity. The Court notes that in his Opposition, Plaintiff does not disagree that the family exception addressed in connection with the previous motion to dismiss relates to *horizontal* privity. The remaining question is whether California law requires that he allege vertical privity to state a breach of implied warranty claim or rather, whether this requirement is excused because Sensney is a third-party beneficiary of the alleged implied warranty.

Section 2314 of the California Commercial Code provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale," which includes a warranty that the goods are "fit for the ordinary purposes for which such goods are used." Cal. Com. Code § 2314. "The general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale." *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 695, 268 P.2d 1041 (1954). "A buyer and seller stand in privity if they are in adjoining links of the distribution chain." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (citing *Osborne v. Subaru of Am. Inc.*, 198 Cal.App.3d 646, 656 n.6 (1988)). "Thus, an end

consumer . . . who buys from a retailer is not in privity with a manufacturer." *Id.* (citing *Osborne*, 198 Cal.App.3d at 656 n.6). Plaintiff does not dispute that he is not in privity with MGA but contends that he can nevertheless pursue his claim against MGA under a third-party beneficiary exception to the privity requirement.

Courts in this district have gone both ways on whether in the consumer warranty context there is a third-party beneficiary exception to the vertical privity requirement under California law. The undersigned has concluded that there is not. *See In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 786–88 (N.D. Cal. 2017). In *In re Seagate*, the Court reasoned as follows:

> The parties dispute whether the third-party beneficiary exception is viable in the consumer warranty context. . . .
>
> Cases finding a third-party beneficiary exception generally trace their holding to [*Gilbert Fin. Corp. v. Steelform Contracting Co*., 82 Cal. App. 3d 65, 69 (Cal. Ct. App. 1978)], in which a California appellate court held that the owner of a building could bring an implied warranty of fitness claim against a subcontractor who installed a leaky roof, despite a lack of privity, because the owner was an intended beneficiary of the contract between the subcontractor and the general contractor that the owner had hired. *See Gilbert*, 82 Cal.App.3d at 67, 69, 145 Cal.Rptr. 448. As far as the Court is aware, Seagate is correct that no published decision of a California court has applied this doctrine in the context of a consumer claim against a product manufacturer. Recognizing that federal district courts have reached different conclusions, the Court holds that such an approach would be inconsistent with the Ninth Circuit authority.
>
> In *Clemens*, the purchaser of [a] Dodge Neon automobile argued that "similar equities," beyond certain specific exceptions not applicable here, supported an exception to the privity requirement for his implied warranty claim against the car manufacturer. *Clemens*, 534 F.3d at 1023. The Ninth Circuit "decline[d] this invitation to create a new exception that would permit [the] action to proceed." *Id*. at 1023–24. Although the Ninth Circuit acknowledged authority from other jurisdictions finding the privity requirement "an archaism in the modern consumer marketplace," it held that "California courts have painstakingly established the scope of the privity requirement under California Commercial Code section 2314, and a federal court sitting in diversity is not free to create new exceptions to it." *Id*. at 1024.
>
> Some district court decisions have held that *Clemens* forecloses the type of claim Plaintiffs seek to bring here. *See* [*Xavier v. Philip Morris USA Inc*., 787 F.Supp.2d 1075, 1082-1083 (N.D. Cal. 2011)]; *Long v. Graco Children's Prods. Inc*., No. 13-CV-01257-WHO, 2013 WL 4655763, at *12 (N.D. Cal. Aug. 26, 2013). Others have distinguished *Clemens* on the basis that it did not explicitly consider a third-party beneficiary argument, and instead rejects an exception vaguely based on "similar equities" to those recognized by the

6

> California courts. *See* [*In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 984 (N.D. Cal. 2014)]; [*In re Toyota Motor Corp. Unintended Acceleration Mktg.*, Sales Pracs., & Prod. Liab. Litig., 754 F. Supp. 2d 1145, 1185 (C.D. Cal. 2010)].
>
> Although it appears that the majority of district court decisions to consider the question have held that a consumer who purchased a product from a retailer can invoke the third party beneficiary exception to bring an implied warranty claim against the manufacturer, this Court cannot square that outcome with *Clemens*. In that case, the Ninth Circuit held that "an end consumer . . . who buys from a retailer is not in privity with a manufacturer" and therefore cannot bring an implied warranty claim under section 2314 against the manufacturer. *Clemens*, 534 F.3d at 1023 (citing *Osborne*, 198 Cal.App.3d at 656 n.6, 243 Cal.Rptr. 815). According to the Ninth Circuit, allowing exceptions beyond those clearly recognized by the California courts would improperly undermine a rule "painstakingly established" by the state courts. *Id.* at 1024. It is difficult to imagine a more thorough nullification of the rule stated in *Clemens* than to hold that consumers, simply by virtue of their status as end users of a product, are implied beneficiaries of distribution contracts between manufacturers and retailers, and thus entitled to bring implied warranty claims under section 2314. Nor is it clear that *Gilbert*, a case considering a subcontract to build a roof for a specific, identifiable customer, *see* 82 Cal.App.3d at 67, 145 Cal.Rptr. 448, compels relaxing the privity rule for all end purchasers of products sold through retailers. Although the privity requirement in this context may well be an "archaism," see *Clemens*, 534 F.3d at 1024, this Court concludes that it is bound by *Clemens* to dismiss Plaintiffs' claim under section 2314 of the California Commercial Code.

*Id.* at 786–88. The same reasoning applies here. Therefore, the Court concludes that Plaintiff's breach of implied warranty claim fails because the SAC does not allege facts showing vertical privity, instead alleging that Sensney's mother-in-law purchased the Glamper from an online retailer, thus establishing that there was no vertical privity.

### C. Breach of Express Warranty Claim

To prevail on a theory of breach of express warranty, Plaintiff must prove that (1) MGA "made affirmations of fact or promises" that (2) "became part of the basis of the bargain." *Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997) (citing *Pisano v. American Leasing*, 146 Cal.App.3d 194, 197–98 (1983); Cal. Com. Code § 2313). The allegations in the SAC are insufficient as to both requirements.

To establish the existence of an express warranty, a plaintiff must point to "a specific and unequivocal written statement." *Id.* For example, in *Hauter v. Zogarts*, the words "completely safe ball will not hit player" were sufficient to give rise to an express warranty that the product

7

was "a safe training device for all golfers regardless of ability and regardless of how squarely they hit the ball." 14 Cal.3d 104, 114 (1975). On the other hand, in *Smith v. LG Elecs. U.S.A., Inc.*, the court found that "statements that the [defendant's] washers were 'High Efficiency,' would 'provide many years of reliable service,' 'were designed and manufactured for years of dependable service,' and were safe for residential use and fit [for] everyday laundering needs" were not actionable as express warranties, observing that "vague statements regarding reliability, dependability, and safety are not actionable express warranties." No. C 13-4361 PJH, 2014 WL 989742, at *5 (N.D. Cal. Mar. 11, 2014) (citing *Viggiano v. Hansen Natural Corp.*, 2013 WL 2005430, at *10–11 (C.D.Cal. May 13, 2013); *Casteneda v. Fila USA, Inc.*, 2011 WL 7719013, at *4 (S.D.Cal. Aug. 10, 2011); *Tietsworth v. Sears*, 720 F.Supp.2d 1123, 1136–37 (N.D.Cal.2010); *Johnson v. Mitsubishi Digital Elecs. Am., Inc.*, 578 F. Supp. 2d 1229, 1236 (C.D. Cal. 2008), aff'd, 365 F. App'x 830 (9th Cir. 2010); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 987 (N.D. Cal. 2009)).

Here, Plaintiff has amended the allegations in the SAC with respect to the alleged express warranty to make clear that the warranty upon which this claim is based is contained in the phrase "Age 3+" printed on the outside of the package and in the manual. SAC ¶ 63. According to Plaintiff, these words constituted an express warranty that "the toy [was] safe for 'Age 3+.'" *Id.*; *see also* SAC ¶ 66 ("At the time of giving the Glamper to his daughter, Plaintiff Sensney understood the express warranty to mean it was safe from hazard and defect for children over the age of three, which his daughter was."). Yet the actual words quoted by Plaintiff remain vague; it is not clear what specific affirmation of fact or promise is being made. At best, it is the sort of general statement about product safety that has been found insufficient to give rise to an actionable express warranty. Therefore, Plaintiff has not alleged facts sufficient to establish the existence of a specific express warranty that is actionable under California law.

In addition, Plaintiff has not alleged the second required element, namely, that MGA's alleged express warranty became part of the "basis for the bargain." As the court in *In re 100% Grated Parmesan Cheese Mktg. and Sales Prac. Litig.* observed, California law is "unsettled" with respect to this requirement. 393 F. Supp. 3d 745, 762 (N.D. Ill. 2019) (analyzing issue under

California law and concluding that reliance is required for a breach of express contract claim in the absence of privity). That court explained:

> Pre-U.C.C. California Supreme Court decisions held that express warranty plaintiffs must plead and prove reliance. *See, e.g., Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 268 P.2d 1041, 1048-49 (1954) (holding that reliance is required absent privity); *Grinnell v. Charles Pfizer & Co.*, 274 Cal.App.2d 424, 79 Cal. Rptr. 369, 378 (1969) (holding that reliance is an "essential ingredient[ ]" of any express warranty claim). But the court later recognized in *Hauter v. Zogarts*, 14 Cal.3d 104, 120 Cal.Rptr. 681, 534 P.2d 377 (1975) (en banc), that the U.C.C.'s adoption in California worked "a significant change in the law of warranties" by replacing the traditional reliance element with a requirement that the challenged representation form the "basis of the bargain." *Id.*, 120 Cal.Rptr. 681, 534 P.2d at 383 (citing *Grinnell*). Specifically, *Hauter* held that this basis-of-the-bargain requirement either "shift[ed] the burden of proving non-reliance to the seller" or "eliminat[ed] the concept of reliance altogether." *Id.* at 384. *Hauter* found support for each of those competing views in the U.C.C. commentary and scholarly work on the subject, and ultimately declined to decide between them. *Ibid.* (citing Cal. Com. Code § 2313 cmt. nn.3-4).
>
> No consensus on that question has emerged since *Hauter*. Most decisions hold that the basis-of-the-bargain requirement has one of three effects: (1) eliminating the reliance requirement, *see, e.g., Weinstat v. Dentsply Internat., Inc.*, 180 Cal.App.4th 1213, 103 Cal. Rptr. 3d 614, 626-29 (2010); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 513 (6th Cir. 2015); *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 915-16 (N.D. Cal. 2018); *Karim v. Hewlett-Packard Co.*, 311 F.R.D. 568, 574-75 (N.D. Cal. 2015); (2) keeping the reliance requirement, but shifting the burden to the defendant to show that the "bargain d[id] not rest at all on the representation," *Keith v. Buchanan*, 173 Cal.App.3d 13, 220 Cal. Rptr. 392, 398 (1985); see also, e.g., *Davis v. Louisiana-Pac. Corp.*, 2008 WL 2030495, at *12 (Cal. App. May 13, 2008); *Ibrahim v. Ford Motor Co.*, 214 Cal. App. 3d 878, 890, 263 Cal.Rptr. 64 (1989); *Wilson v. Metals, USA, Inc.*, 2017 WL 2972608, at *13 (E.D. Cal. July 12, 2017); *Karim v. Hewlett-Packard Co.*, 2014 WL 555934, at *6 (N.D. Cal. Feb. 10, 2014); or (3) changing the role of reliance where the parties are in privity, but maintaining the reliance requirement where the parties are not in privity, *see Hardage Hotels X, LLC v. First Co.*, 2010 WL 1512138, at *9 (Cal. App. Apr. 16, 2010); *Wiley v. Yihua Int'l Grp.*, 2009 WL 3720903, at *6 (Cal. App. Nov. 9, 2009); *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 546 (C.D. Cal. 2012); *Coleman v. Bos. Sci. Corp.*, 2011 WL 3813173, at *4 (E.D. Cal. Aug. 29, 2011).

*Id.* at 762–63.

Here, MGA argues that the third approach is the correct statement of California law, that is, that while express warranties printed on product packaging or materials are part of the basis of the bargain regardless of actual reliance where the parties were in privity, the reliance requirement

continues to apply where they are not in privity. Plaintiff does not address *Hauter* but cites to *Weinstat v. Dentsply Internat., Inc.*, 180 Cal. App. 4th 1213 (2010) in support of his assertion that this requirement is met simply because "Age 3+" was printed on the packaging of the Glamper that was given to his daughter.

In *Weinstat*, the court concluded that California Commercial Code section 2313 abandoned the "Pre–Uniform Commercial Code law governing express warranties requir[ing] the purchaser to prove reliance on specific promises made by the seller." 180 Cal. App. 4th 1213, 1227 (2010). Instead, the court found, "[a]ny affirmation, once made, is part of the agreement unless there is 'clear affirmative proof' that the affirmation has been taken out of the agreement." *Id.* at 1229. Thus, in *Weinstat*, where a group of dentists brought a claim for breach of express warranties against the manufacturer of the allegedly defective medical device, from which they had purchased the product, the court concluded that statements made in the Directions for Use that were delivered with the product after it was purchased became part of the basis of the bargain between the plaintiffs and the seller. *Id.*

This Court, like many others, concludes that the discussion of reliance in *Weinstat* must be limited to the facts of that case, namely, that the parties were in privity, and further finds that the pre-U.C.C. requirement that there must be actual reliance where the parties are not in privity continues to apply. *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 696 (1954) (holding that under California law, privity is generally required in order to bring a breach of express warranty claim, but an exception has been recognized "where the purchaser of a product relied on representations made by the manufacturer in labels or advertising material."); *see also McCarthy v. Toyota Motor Corp.*, No. 8:18-cv-00201-JLS, 2019 WL 3220579, at *5 (C.D. Cal. Apr. 9, 2019) (holding that under California law plaintiffs were required to allege reliance in support of their breach of express warranty claim because they were not in privity with the seller); *Park-Kim v. Daikin Indus., Ltd.*, No. 2:15-cv-09523-CAS-KKx, 2016 WL 6744764, at *9 (C.D. Cal. 2016) (same); *Tapia v. Davol, Inc.*, 116 F. Supp. 3d 1149, 1161 (S.D. Cal. 2015) (same); *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 546 (C.D. Cal. 2012) (same).

There is no dispute that Plaintiff was not in privity with MGA, in contrast to the parties in *Weinstat*. Nor has Plaintiff alleged actual reliance, as is required under California law in the absence of privity to establish that an express warranty was part of the benefit of the bargain. Therefore, Plaintiff has not adequately alleged that the second requirement of his claim for breach of express warranty is met. *See Coleman v. Bos. Sci. Corp.,* No. 1:10-CV-01968-OWW, 2011 WL 3813173, at *4 (E.D. Cal. Aug. 29, 2011) (holding that breach of express warranty claim was insufficiently alleged where plaintiff alleged "neither privity nor reliance as the basis for [her] express warranty claim" and rejecting argument based on *Weinstat* that she was not required to allege reliance).

For these reasons, the Court finds that Plaintiff's breach of express warranty claim fails to state a claim under Rule 12(b)(6).

### D. Whether the Court Should Grant Leave to Amend

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed.R.Civ.P. 15(a). Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990)). However, when a request for leave to amend requires the Court to change the schedule of the case, Rule 16(b)(4) of the Federal Rules of Civil Procedure comes into play. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Rule 16(b)(4) provides that scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Ninth Circuit explained in *Johnson*:

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." [*Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)]. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990);

> *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann*, 114 F.R.D. at 85; 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Cf. Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir.1971) (same), cert. denied, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir.1962) (same). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *See Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me.1985). If that party was not diligent, the inquiry should end.

*Id.*

Plaintiff has requested leave to amend if the Court finds his claims are insufficiently alleged. As to the claim for breach of implied warranty, he seeks to allege additional facts showing he is a third-party beneficiary. If the Court rejects his argument that the third-party beneficiary exception applies to the privity requirement in the consumer products context, he would like to assert a claim under the Song Beverly Act instead. As to the breach of express warranty claim, Plaintiff does not point to any additional facts he could allege to save this claim.

The Court rejects Plaintiff's request. First, amendment to allege additional facts showing Plaintiff is a third-party beneficiary would not save his breach of implied warranty claim for the reasons discussed above and therefore, such an amendment would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990), or where the amended complaint would be subject to dismissal. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)."). Likewise, Plaintiff has not pointed to any new facts he could allege to cure the defects in his claim for breach of express warranty.

As to Plaintiff's request that he now be permitted to assert a new claim under the Song Beverly Act based on the same alleged facts, Plaintiff has not shown that he acted diligently with respect to asserting that claim and therefore, the Court rejects his request under Rule 16(b)(4). The Court set a schedule in this case, which set a November 1, 2021 deadline for amending

pleadings. Dkt. 30.  Plaintiff's request would require the Court to extend that deadline.  Further, although the parties stipulated to a 90-day extension of the December 17, 2021 deadline for the completion of fact discovery in order to allow time to resolve the instant motion, the new deadline would need to be extended if Plaintiff were permitted to file a third amended complaint in order to allow time for another motion to dismiss to be briefed and decided.

Therefore, the Court denies Plaintiff's request for leave to amend.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion and dismisses this action with prejudice.  The Clerk is instructed to enter judgment in favor of MGA and close the file.

**IT IS SO ORDERED.**

Dated:  December 10, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge